UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDERJIT SAMRAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MANULIFE INVESTMENT MANAGEMENT FARMLAND MANAGEMENT SERVICES, INC.,<br><br>    Defendant. | Case No. 2:24-cv-01042-DJC-CSK<br><br>ORDER GRANTING DEFENDANT'S MOTIONS TO COMPEL<br><br>(ECF Nos. 12,16) |

Defendant Manulife Investment Management Farmland Management Services, Inc. moves to compel Plaintiff Inderjit Samran to make his initial disclosures and to respond to Defendant's interrogatories and requests for production.[1] Def. Mot. Compel Init. Discl. (ECF No. 12); Def. Mot. Compel Written Disco. (ECF No. 16). Defendant also seeks the award of sanctions for having to file the motions to compel. Def. Mot. Compel Init. Discl. at 4; Def. Mot. Compel Written Disco. at 6. Pursuant to Local Rule 251(e), Defendant's motions are excepted from the requirement for Joint Statements re Discovery Disagreement and were set for hearing on November 26, 2024. *See* E.D. Cal. L.R. 251(e); Def. Mot. Compel Init. Discl. at 3; Def. Mot. Compel Written Disco at 5.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

1

Though Plaintiff's responses to the motions were due November 19, 2024, Plaintiff has not responded to Defendant's motions. *See* E.D. Cal. L.R. 251(e); Docket. On November 26, 2024, the Court held a hearing via Zoom. (ECF No. 21.) Attorney Cristen Hintze appeared on Defendant's behalf. Attorney Candice Jackson appeared on Plaintiff's behalf. For the reasons that follow, the Court GRANTS Defendant's motions to compel.

I.  **BACKGROUND**

On March 8, 2023, Plaintiff filed a Complaint in Stanislaus County Superior Court against Defendant for employment discrimination and retaliation. (ECF No. 1-1, Exh. A.) On April 5, 2024, Defendant filed an Answer in Stanislaus County Superior Court. (ECF No. 1-1, Exh. B.) On April 8, 2024, Defendant removed this action to federal court pursuant to 28 U.S.C. § 1331. (ECF No. 1.) On June 7, 2024, parties filed their joint status report pursuant to Federal Rule of Civil Procedure 26(f). (ECF No. 8.) On June 10, 2024, the district court referred this matter for settlement proceedings due to the parties' representations within their joint status report. (ECF No. 9.) On June 26, 2024, a settlement conference order was issued setting a settlement conference for November 20, 2024 before Magistrate Judge Jeremy D. Peterson. (ECF No. 10.) A pre-settlement conference call was also set for November 14, 2024 at 2:00 p.m. before Magistrate Judge Peterson. *Id*. Each party was required to submit a mediation statement to Judge Peterson and all other parties no later than November 6, 2024. *Id.*

Pursuant to the parties' June 7, 2024 joint status report, the parties agreed to exchange initial disclosures by July 8, 2024. ECF No. 8 at 4. On July 3, 2024, Defendant timely made its initial disclosures. 10/9/2024 Declaration of Cristen Hintze, Exh. A-B (ECF No. 12 at 8-17). Because Plaintiff had not served his initial disclosures, Defendant followed-up on July 11, 2024. *Id*., Exh. A at 10-11. On the same day, Plaintiff responded, "I had calendared July 25 as the latest for disclosures, so I will try to complete those for you sooner than that date." *Id.* at 10. On July 26, August 5, August 8, and September 6, 2024, Defendant followed up with emails and voicemails to inquire regarding the status of Plaintiff's initial disclosures. *Id*. at 9-10. Defendant also notified Plaintiff on September

6, 2024 that if it did not receive Plaintiff's initial disclosures, it would have to seek court intervention. *Id*. at 9. Plaintiff did not respond.

On August 21, 2024, Defendant served interrogatories and requests for production of documents (RFPs) on Plaintiff in preparation for the parties' settlement conference. 10/25/2024 Declaration of Cristen Hintze, Exhs. A-B (ECF No. 16 at 8-30). Because Plaintiff failed to timely respond to Defendant's written discovery, Defendant followed up on September 23, 2024 requesting Plaintiff serve full and complete responses to Defendant's written discovery without objections by September 27, 2024. *Id*., Exh. B. at 29. Plaintiff responded the same day requesting until Friday, September 27 to provide responses since Plaintiff's counsel "had a personal medical issue and dropped the ball for you." *Id.* Defendant confirmed a deadline of September 27, 2024 for written discovery without objections and again requested confirmation as to whether Plaintiff will also be serving his initial disclosures on September 27, 2024. *Id*. at 28. Plaintiff did not respond. Defendant followed up again on October 9 and October 17 to inquire as to the status of his initial disclosures and responses to written discovery. *Id*. Defendant also notified Plaintiff that if it did not receive responses to its written discovery, it would have to seek court intervention. *Id*. Plaintiff did not respond.

On November 13, 2024, Magistrate Judge Peterson issued a Minute Order vacating the November 20, 2024 settlement conference and the pre-settlement conference call set for November 14, 2024 due to Plaintiff's failure to timely submit his mediation statement and counsel's failure to respond to the court's inquiry regarding the status of the mediation statement. (ECF No. 18.)

## II.     LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

A party may propound interrogatories relating to any matter that may be inquired

to under Rule 26(b). Fed. R. Civ. P. 33(a). Rule 33 requires that, unless otherwise agreed upon or ordered, the responding party must serve its answers and any objections to interrogatories within thirty (30) days after being served. Fed. R. Civ. P. 33(b)(2). Parties must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2017 WL 2781132, at *2 (E.D. Cal. Sep. 21, 2007)). Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

A party may serve requests to produce documents in the responding party's possession, custody, or control, including designated documents, electronically stored information, or other writings. Fed. R. Civ. P. 34(a)(1). A requesting party is entitled to production of documents within a responding party's possession, custody, or control, regardless of whether the requesting party possesses the same documents. Fed. R. Civ. P. 34(a). The responding party must respond in writing within thirty (30) days, unless otherwise agreed upon or ordered, after being served. Fed. R. Civ. P. 34(b)(2). If a responding party objects, the objection "must state whether any responsive materials are being withheld on the basis of that objection[, and] an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

A party may move to compel discovery if the movant has in good faith conferred with the party opposing discovery to obtain the requested discovery without the court's intervention. *See* Fed. R. Civ. P. 37(a)(1). The moving party bears the burden to "inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013). Local Rule 251 governs motions to compel and requires the parties

to confer and attempt to resolve their discovery differences. If there has been "a complete and total failure to respond to a discovery request or order," the moving party may bring its motion on fourteen (14) days' notice and the requirement for a Joint Statement re Discovery Disagreement is excused. E.D. Cal. L.R. 251(e).

If a court grants the motion to compel, then the court must order the party "whose conduct necessitated the motion... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not award expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; "the opposing party's nondisclosure, response, or objection was substantially justified"; or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The burden is on the losing party to prove that its position was substantially justified. *See R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).

### III.   DISCUSSION

"The discovery process in theory should be cooperative and largely unsupervised by the district court. But when required disclosures aren't made or cooperation breaks down, Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or discovery." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Here, Plaintiff has completely failed to uphold his discovery obligations and cooperate in discovery.

#### A.   Initial Disclosures, Interrogatories, and RFPs

Plaintiff's initial disclosures were due on or by July 8, 2024 pursuant to the parties' agreement. ECF No. 8; *see* Fed. R. Civ. P. 26(a)(1). As of the filing of Defendant's second motion to compel on October 25, 2024, Plaintiff still had not made his initial disclosures, in violation of the Federal Rules of Civil Procedure. *See* Def. Mot. Compel Init. Discl. at 2; Def. Mot. Compel Written Disco. at 4. The Court orders Plaintiff to make his initial disclosures within seven (7) days of this order. Plaintiff is warned that if a party "fails to provide information or identify witnesses as required by Rule 26(a), the party is

5

not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Defendant's interrogatories and RFPs were served electronically on August 21, 2024, making Plaintiff's responses due on or by September 20, 2024.[2] 10/25/2024 Hintze Decl., Exh. A; Fed. R. Civ. P. 33(b)(2), 34(b)(2). As of the filing of Defendant's motion on October 25, 2024, Plaintiff has not responded to any interrogatories or produced any documents. *See* Def. Mot. Compel Written Disco. at 4.

The Court orders Plaintiff to serve complete and full responses to Defendant's interrogatories without objection and to produce documents responsive to Defendant's RFPs without objection within seven (7) days of this order. Due to Plaintiff's complete failure to respond to Defendant's interrogatories, RFPs and to oppose Defendant's motion, Plaintiff has waived any objection to Defendant's interrogatories and RFPs. *See In re PersonalWeb Techs., LLC et al. Pat. Litig.*, 2022 WL 16556793, at *1 (N.D. Cal. Oct. 31, 2022); *Bell v. Jones*, 2021 WL 843242, at *2 (E.D. Cal. Mar. 5, 2021).

Plaintiff is reminded of his duty to prosecute his case, comply with court orders, and participate in discovery. If Plaintiff fails to prosecute his case, comply with court orders, or participate in discovery, Plaintiff may face serious sanctions, including dismissal. *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1095 (9th Cir. 2007) (affirming district court's imposition of terminating sanction for discovery violations).

If a party fails to obey a discovery order, the court "may issue further just orders," including:

    (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

---

[2] This is calculated based on the parties' agreement to electronic service of discovery. ECF No. 8 at 4.

    (ii)     prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii)    striking pleadings in whole or in part;

    (iv)    staying further proceedings until the order is obeyed;

    (v)     dismissing the action or proceeding in whole or in part;

    (vi)    rendering a default judgment against the disobedient party; or

    (vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); *see Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). The choice of sanction, including dismissal, is within the discretion of the court. *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) (citations omitted); *see also* E.D. Cal. L.R. 110 (noting the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court").

    **B.**    **Requirement for Plaintiff to File Discovery Status Report**

    The Court further orders Plaintiff to file a written status report within seven (7) days of this order regarding his compliance with this order in making his initial disclosures, serving complete and full interrogatory responses without objections, and producing documents responsive to Defendant's RFPs without objections. The status report shall describe the manner and date of service of each of these items.

    **C.**    **Rule 37 Expenses**

    If a court grants a motion to compel, it also must award the moving party its reasonable expenses in making the motion, including attorneys' fees unless: the moving party did not make a good faith attempt to obtain the disclosure before making the motion; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust. Fed. R. Civ. P.

37(a)(5)(A)(i)-(iii). "The test for substantial justification is one of reasonableness." *Cathey v. City of Vallejo*, 2015 WL 5734858, at *8 (E.D. Cal. Sept. 29, 2015) (internal quotations omitted) (quoting *United States v. First Nat. Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir. 1984)).

At the hearing, Plaintiff was provided with the opportunity to provide justification for his complete failure to participate in discovery and respond to Defendant's motions. Not only was no justification provided, Plaintiff's counsel conceded there was no justification. When asked by the Court who should bear the Rule 37 expenses, Plaintiff's counsel indicated the failure to participate in discovery and respond to the motions was entirely Plaintiff Inderjit Samran's responsibility. Plaintiff's counsel indicated that she had draft discovery responses pending client review for 7 weeks. The contentions of Plaintiff's counsel, however, are not consistent with the record before this Court. *See, e.g.*, 10/9/2024 Hintze Decl., Exh. A at 10 ("I had calendared July 25 as the latest for disclosures, so I will try to complete those for you sooner than that date."); 10/25/24 Hintze Decl., Exh. B at 27 (Plaintiff's counsel had "dropped the ball" in providing discovery responses). Plaintiff's failure to participate in discovery and generally in the prosecution of his case is not permitted.[3] Plaintiff was verbally warned by the Court that the continued failure to participate in discovery, respond to the Court's orders, and prosecute his case will result in future sanctions, including a potential prohibition on presenting certain witnesses and documents not timely disclosed and a recommendation that this action be dismissed.

Here, awarding reasonable expenses is mandatory as none of the exceptions have been established and there is no justification, let alone substantial justification for Plaintiff's failure to participate in discovery. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

---

[3] The Court notes that the pre-settlement conference call and settlement conference were vacated due to Plaintiff's failure to submit his mediation brief and Plaintiff's counsel's failure to respond to the settlement judge's inquiry as to the status of the mediation brief. *See* ECF No. 18. Plaintiff's counsel assured the Court that such failures will not be repeated.

Defendant made several good faith attempts over multiple months to get Plaintiff to provide his initial disclosures and respond to Defendant's written discovery requests. Plaintiff has completely failed to meet his discovery obligations. Plaintiff also failed to respond to Defendant's motions to compel, waiving any objection to Defendant's motions.

Defendant has not, however, provided sufficient information needed for the Court to determine the amount of expenses. The Court therefore orders Defendant to file and submit its reasonable expenses in making the motions to compel, including attorney's fees, within fourteen (14) days of this order. Defendant must include sufficient detail, including the number of hours spent in making and arguing the motions, the description of the work completed, counsel's hourly rates, counsel's experience, and the prevailing market rate in Sacramento, where this district court sits, for attorneys of comparable experience.

Plaintiff will be provided with the opportunity to respond to Defendant's submission on reasonable expenses and to be heard regarding the award of reasonable expenses under Rule 37(a)(5). Plaintiff may file a response within seven (7) days after the filing of Defendant's submission. A failure to timely respond by Plaintiff will be construed as a non-opposition to the award of reasonable expenses under Rule 37(a)(5). A separate order on Defendant's Rule 37 fees will issue separately.

## **ORDER**

As discussed above, the Court GRANTS Defendant's motions to compel (ECF Nos. 12, 16), and ORDERS:

1. Within seven (7) days of this order, Plaintiff shall make his initial disclosures, serve his complete and full responses to Defendant's interrogatories without objection, and produce documents responsive to Defendant's RFPs without objection;

2. Within seven (7) days of this order, Plaintiff shall file a written status report regarding his compliance with this order in making his initial disclosures,

1         serving complete and full interrogatory responses without objections, and producing documents responsive to Defendant's RFPs without objections. The status report shall describe the manner and date of service of each of these items;

3. Within fourteen (14) days of this order, Defendant shall file and submit its reasonable expenses in making the motion to compel, including attorney's fees; and

4. Within seven (7) days after the filing of Defendant's submission of its reasonable expenses, Plaintiff may file a response.

5. A separate order on Defendant's Rule 37 fees will issue separately.

Dated: November 26, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, samr1885.23