UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDERJIT SAMRAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MANULIFE INVESTMENT MANAGEMENT FARMLAND MANAGEMENT SERVICES, INC.,<br><br>　　　　　Defendant. | Case No. 2:24-cv-01042-DJC-CSK<br><br>ORDER GRANTING RULE 37 EXPENSES<br><br>(ECF Nos. 22, 25) |

On November 26, 2024, the Court granted Defendant Manulife Investment Management Farmland Management Services, Inc.'s motions to compel Plaintiff Inderjit Samran to make his initial disclosures and to respond to Defendant's interrogatories and requests for production.[1] (ECF No. 22.) In granting Defendant's motions, the Court ordered Defendant to submit its reasonable expenses in making its motions to compel pursuant to Federal Rule of Civil Procedure 37(a)(5). *Id*. Defendant has now done so. (ECF No. 25.) The Court's order also provided Plaintiff with the opportunity to respond to Defendant's reasonable expenses (ECF No. 22 at 9, 10), and Plaintiff has filed a response (ECF No. 26).

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

1

## I. BACKGROUND

On October 9, 2024 and October 25, 2024, Defendant filed motions to compel. (ECF Nos. 12, 16.) Pursuant to Local Rule 251(e), Defendant's motions were excepted from the requirement for a Joint Statement re Discovery Disagreement and were set for hearing for November 26, 2024. (ECF Nos. 12, 13, 16, 17.) Plaintiff did not respond to the motions. On November 26, 2024, the Court held a hearing via Zoom. (ECF No. 21.) Attorney Cristen Hintze appeared on Defendant's behalf and Attorney Candice Jackson appeared on Plaintiff's behalf. *Id.*

On November 26, 2024, the Court granted the motions to compel in full. (ECF No. 22.) Plaintiff was ordered to make his initial disclosures, serve his complete and full responses to Defendant's interrogatories without objection, and produce documents responsive to Defendant's requests for production of documents without objections. *Id.* Plaintiff was further ordered to file a written status report by December 3, 2024 regarding his compliance with the Court's order in making his initial disclosures, serving complete and full interrogatory responses without objections, and producing documents responsive to Defendant's requests for production of documents without objections. *Id*. at 9-10. Because Defendant had not provided the Court with sufficient information to determine the amount of expenses in making the motion, the Court ordered Defendant to file and submit its reasonable expenses, including attorney's fees. *Id*. The Court's order also provided Plaintiff with the opportunity to respond to Defendant's submission on its reasonable expenses. *Id*. at 9, 10.

On December 3, 2024, Plaintiff timely filed a status report regarding his compliance with the Court's November 26, 2024 discovery order. (ECF No. 23.) Plaintiff confirmed his initial disclosures, responses to interrogatories responses without objections, and production of documents responsive to Defendant's requests for production of documents without objections were served on Defendant on December 3, 2024 via electronic mail. *Id*. at 2. On December 10, 2024, Defendant timely submitted its reasonable expenses in making the motions to compel. (ECF No. 25.) On December 17,

2

2024, Plaintiff filed a response to Defendant's submission regarding reasonable expenses. (ECF No. 26.)

## II.  DISCUSSION

If a court grants the motion to compel, it also must award the moving party its reasonable expenses in making the motion, including attorneys' fees unless: the moving party did not make a good faith attempt to obtain the disclosure before making the motion; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). "The test for substantial justification is one of reasonableness." *Cathey v. City of Vallejo*, 2015 WL 5734858, at *8 (E.D. Cal. Sept. 29, 2015) (internal quotations omitted) (quoting *United States v. First Nat. Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir. 1984).)

Under Rule 37, awarding reasonable expenses is mandatory here as none of the exceptions are established. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). As the Court found in its November 26, 2024 Order, Defendant made several good faith attempts over multiple months to obtain Plaintiff's initial disclosures and responses to Defendant's written discovery requests. (ECF No. 22 at 8-9.) Plaintiff completely failed to timely meet his discovery obligations and to respond to Defendant's motions to compel. *Id*. In addition, Plaintiff's counsel's statements at the hearing that the failure to participate in discovery was entirely Plaintiff Inderjit Samran's responsibility, as Plaintiff's counsel had draft discovery responses pending client review for 7 weeks, were not consistent with the record before the Court, which also indicated that Plaintiff's counsel also failed to participate in discovery. *Id*. at 8.

The Ninth Circuit affords district courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). While the amount of a fee award is discretionary, the district court must "provide a concise but clear explanation of its reasons for the fee award." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014). The Ninth Circuit utilizes the "lodestar" method for

assessing reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (quoting *Barjon*, 132 F.3d at 500). Here, the relevant community is Sacramento, California, which is where this district court is located.

     Defendant seeks attorney's fees in the amount of $5,715.00 based on a $635 hourly rate for nine (9) hours spent to prepare the motions to compel and to prepare and appear for oral argument on the motions. 12/10/2024 Declaration of Cristen Hintze ¶ 7 (ECF No. 25). Plaintiff filed a response requesting the reasonable expenses be lowered to no more than $2,000 based on a $400 hourly rate for five (5) hours expended for the drafting of the motions and for oral argument. 12/17/2024 Declaration of Candice Jackson ¶¶ 4-6 (ECF No. 26). The Court finds that nine hours is a reasonable amount of time to draft the motions to compel, to prepare for oral argument, and to appear on the motions. The Court does not find, however, that defense counsel's hourly rate to be a reasonable rate for work performed by attorneys of comparable experience in Sacramento.

     Defense counsel Cristen Hintze has been practicing law in California since 2017. Hintze Decl. ¶ 5. Defense counsel, however, does not provide any information to support a finding that $635 is a reasonable hourly rate for attorneys of comparable experience in Sacramento. The Court will therefore rely on its own knowledge of customary legal rates in Sacramento and also survey cases in setting a reasonably hourly rate. *See Ingram v.*

4

*Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). The Court finds that $500 hourly rate for an attorney with seven (7) years of experience to be reasonable and the prevailing market rate in Sacramento for attorneys of comparable skill, experience, and reputation. *See, e.g., Am. Multi-Cinema, Inc. v. Manteca Lifestyle Ctr., LLC*, 2024 WL 1312209, at *3 (E.D. Cal. Mar. 26, 2024) (awarding $500 per hour for attorney with seven years of experience); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 452-53 (E.D. Cal. 2013) (awarding between $280 and $560 per hour for attorneys with two to eight years of experience). With the reduction of defense counsel's hourly rate to $500, the Court concludes attorney's fees in the amount of $4,500, representing an hourly rate of $500 for nine hours of work, is reasonable.

Pursuant to Rule 37(a)(5)(A), the Court therefore orders Plaintiff to pay Defendant's reasonable expenses in the amount of $4,500 to Defendant within twenty-one (21) days from the date of this order as follows: Plaintiff Inderjit Samran is responsible for paying $3,750; and Plaintiff's counsel is personally responsible for paying $750, which cannot be billed to the client. Plaintiff shall promptly file a notice once payment is made. The record before the Court reflects that even if Plaintiff's review of counsel's discovery responses was pending, Plaintiff's counsel substantially contributed to the delay by repeatedly failing to respond to defense counsel's regular attempts to follow-up with Plaintiff's counsel regarding discovery. *See* 10/9/2024 Hintze Decl., Exh. A (ECF 12 at 11-14); 10/25/2024 Hintze Decl., Exh. B (ECF 16 at 28-30).

## **ORDER**

IT IS HEREBY ORDERED that:

1. Defendant is awarded its reasonable expenses to bring the motions to compel in the amount of $4,500.00, which must be paid within twenty-one (21) days of the date of this order;
2. Plaintiff Inderjit Samran is responsible for paying $3,750 of the $4,500 award; and Plaintiff's counsel is personally responsible for paying $750 of the $4,500 award, which cannot be billed to the client; and

3.  Plaintiff shall promptly file a notice once payment is made.

Dated:  December 30, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, samr1042.24