UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDERJIT SAMRAN, | No. 2:24-cv-01042-DJC-CSK |
| Plaintiff, | |
| v. | ORDER |
| MANULIFE INVESTMENT MANAGEMENT FARMLAND MANAGEMENT SERVICES, INC., | |
| Defendant. | |

On July 21, 2025, Defendant Manulife Investment Management Farmland Management Services, Inc. filed a Motion to Dismiss based on Plaintiff's alleged failure to prosecute this action. (ECF No. 33.) In the Motion, Defendants argued that Plaintiff had failed to prosecute this action by failing to serve any discovery requests, respond to discovery orders from the Magistrate Judge, and communicate with Defendant's Counsel. Defendants note that Magistrate Judge Chi Soo Kim had originally ordered Plaintiff to make initial disclosures and comply with production requirements on November 26, 2024. (*See* ECF Nos. 21, 22.) In doing so, Judge Kim gave Plaintiff the

////

////

1

following warning:

> Plaintiff is reminded of his duty to prosecute his case, comply with court orders, and participate in discovery. If Plaintiff fails to prosecute his case, comply with court orders, or participate in discovery, Plaintiff may face serious sanctions, including dismissal. *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1095 (9th Cir. 2007) (affirming district court's imposition of terminating sanction for discovery violations).

(ECF No. 22 at 6.) Judge Kim awarded expenses to Defendant and had to issue two subsequent Minute Orders directing a response when Plaintiff failed to file a notice that the discovery award had been paid. (ECF Nos. 30, 31.)

Plaintiff did not initially timely respond to Defendant's Motion to Dismiss, requiring the Court to issue an Order to Show Cause as to why Defendant's Motion should not be granted and the action dismissed. Plaintiff responded to that Order to Show Cause on September 10, 2025. (ECF No. 36.) Plaintiff's response does not contest any of Defendant's Motion or provide any explanation for the failure to file an Opposition. Instead, Plaintiff only requested that "the Court [] reserve ruling on the Defendant's motion to dismiss for a period of ten days" as Plaintiff had signed and returned a settlement agreement and wanted Defendant to "evaluate the validity of the Plaintiff's execution of Defendant's proposed settlement agreement[.]" (*Id.*) Defendant responded to Plaintiff's statements and denied that Plaintiff's signed settlement agreement was timely and noted that it was in fact a revision of the agreement.[1] (ECF No. 38.) Nevertheless, the Court waited until after this period had passed to issue a ruling on Defendant's Motion.[2] Plaintiff has not filed a notice of settlement, an opposition, or any further response.

---

[1] Defendant's technically requested leave to reply to Plaintiff's Response to the Order to Show Cause. (ECF No. 38.) As the Court already waited to issue a ruling and no notice of settlement has been filed, this Reply is ultimately unnecessary, and this request is denied as moot.

[2] Given that over a month has passed since Plaintiff's request for the court to reserve ruling for 10 days was made, the Court will ultimately deny that request as moot.

2

The Court finds dismissal for failure to prosecute appropriate here.  In addition to Plaintiff's lack of substantive opposition to the Motion, the history of this case strongly favors that resolution.  Generally speaking, where the Court is considering whether to dismiss an action for failure to prosecute or to comply with a court order, the Court should consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

These factors favor dismissal here.  *First*, Plaintiff's failure to comply with basic discovery requirements and repeated failure to respond to court orders prevents expeditious resolution of litigation.  See *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").  *Second*, Plaintiff's failure to meet deadlines and respond to court orders, such as those issued by Judge Kim (*see* ECF Nos. 30, 31), impedes the Court's ability to efficiently manage its document and unnecessarily consumes judicial resources.  *Third*, Plaintiff's failure to prosecute this action is prejudicial to Defendant, as Plaintiff has failed to meet basic discovery obligations and forced Defendant to incur additional costs seeking relief.  *Fourth*, no less drastic alternatives are readily available.  Plaintiff was repeatedly instructed to comply with deadlines and court orders (ECF Nos. 30, 31, 35), warned that failure to prosecute this action would result in dismissal (ECF No. 22 at 6), and ordered to pay discovery awards (ECF No. 29). None of these efforts were successful in prompting Plaintiff to prosecute this action. *Fifth*, the public policy in favor of disposition of cases on the merits weighs against dismissal.  However, the weight of the other factors outweighs this public policy interest, and, on balance, the factors clearly favor dismissal.  Dismissal is thus appropriate under Federal Rule of Civil Procedure 41(b).

Accordingly, IT IS HEREBY ORDERED that

1. Defendant's Motion to Dismiss for Failure to Prosecute (ECF No. 33) is GRANTED.
2. The Order to Show Cause (ECF No. 33) is DISCHARGED.
3. Plaintiff's request to reserve ruling (ECF No. 36) and Defendant's request for leave to file a reply (ECF No. 38) are DENIED AS MOOT.
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **October 15, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

4